appellant an additional sum of $1,000 for services and disbursements in the preparation and trial of the case at Trial Term and as so modified affirmed, without costs of this appeal to either party. Memorandum: The attorney for the plaintiff-appellant was allowed $500 for his services and disbursements in the preparation and trial of the case. This amount is inadequate and should be increased by an additional allowance of $1,000. (Appeal from decree of Erie Trial Term dismissing the complaint on the merits and granting defendant a divorce on the counterclaim.) Present — Williams, P. J., Goldman, Henry and Noonan, JJ.

■  LAWRENCE J. PERRY, JR., an Infant, by LAWRENCE J. PERRY, His Guardian ad Litem, Appellant, v. HELEN R. KASKY, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of the jury was against the weight of evidence. (Appeal from a judgment of Monroe Trial Term dismissing the complaint in an automobile negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Goldman, Henry and Noonan, JJ.

■  LAWRENCE J. PERRY, Appellant, v. HELEN R. KASKY, Respondent.— Same decision and like cause of action as in *Perry* v. *Kasky* (20 A D 2d 680).

## (January 15, 1964)

■  GAIL MAW, by Her Guardian ad Litem, CLARENCE MAW, et al., Respondents, v. JOSEPH BONADONNA et al., Appellants.— Judgment insofar as it is in favor of Clarence Maw in the sum of $5,400 unanimously affirmed, with costs. The judgment insofar as it awards damages to Gail Maw having been set aside and the order setting it aside not having been appealed from, that part of the judgment is not before us. (Appeal from judgment of Monroe Trial Term for plaintiffs in an automobile negligence action.) Present — Williams, P. J., Goldman, Henry and Noonan, JJ.

■  WALTER W. NYE et al., Respondents, v. HERBERT A. DAWES, Appellant. — Judgment and order unanimously reversed, without costs of this appeal to either party, judgment set aside and the order denying defendant's motion to stay the entry of judgment and restore the case to the calendar for trial reversed and the Clerk directed to place the case upon the Trial Calendar. Memorandum: The defendant procured an order to show cause why entry of judgment in favor of plaintiffs should not be stayed and the proceedings upon the inquest vacated, and why an order should not be made restoring this action to the Trial Calendar. The plaintiffs claim that this is a motion to open a default and contend that the papers upon which the order to show cause was presented are inadequate and improper. The motion really is one to set aside the proceedings taken in court upon the defendant's withdrawal from the case and to set aside the verdict of the jury and the judgment based thereon, and to place the case on the calendar for trial. The fact that this might not have been stated with technical accuracy in the moving papers is of little consequence. Section 105 of the Civil Practice Act reads as follows: "Mistakes, omissions, defects or irregularities. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." This liberality of practice is carried through to section 2001 of the Civil Practice Law and Rules in substantially the same language.